IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JERRY LEE TINSLEY,                        :

    Petitioner,                        :

                                   CIVIL ACTION 11-0726-KD-M

v.                                        :

                           CRIMINAL ACTION 10-00048-KD-M

UNITED STATES OF AMERICA,                 :

    Respondent.                        :

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 65). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 65) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Jerry Lee Tinsley on all claims. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Tinsley was indicted on March 25, 2010 for two separate counts of bank robbery in violation of 18 U.S.C. § 2113(a) and 2 (Doc. 1).  On July 20, 2010, Petitioner entered into a plea agreement (hereinafter *Agreement*), acknowledging his guilt on the two counts against him in the indictment; attached to the Agreement was a Factual Resume which relayed the factual circumstances of the two bank robberies (Doc. 38).  The Agreement and Factual Resume were both signed by Tinsley and his attorney (Doc. 38).  On January 28, 2011, United States District Court Judge DuBose sentenced Petitioner to seventy-seven months on each conviction, to be served concurrently, as well as three years of supervised release following his release from prison, to be served concurrently, and an assessment of two hundred dollars (Doc. 63).[1]

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on December 12, 2011 in

---

[1]The Court notes that Petitioner was, during the same proceeding, sentenced for a bank robbery which occurred in the Middle District of Alabama; for that conviction, Tinsley was sentenced to seventy-seven months, to be served concurrently with the other two sentences, three years of supervised release, to be served concurrently with the other two sentences, and an assessment of an additional one hundred dollars (Docs. 63, 68; *see also* Doc. 69, pp. 1-3).  In addition, as Petitioner was on supervised release at the time he committed the bank robberies, his supervised release was revoked and he was sentenced to twenty-four months to run consecutive to the other three sentences (Doc. 68, pp. 17-20).

which he raises three claims of ineffective assistance of counsel (Doc. 65).  Respondent filed a response on February 15, 2012 (Doc. 69) to which Tinsley replied (Doc. 70).

Petitioner has claimed that his attorney rendered ineffective assistance of counsel.  More specifically, he asserts that his attorney did the following:  (a) failed to explain to him what all he was waiving in his Plea Agreement; (b) failed to challenge, at sentencing, the double counting regarding his bank robbery grouping; and (c) failed to seek, at sentencing, a downward departure due to mitigating circumstances (Doc. 65).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown

3

>        in the adversary process that renders the
>        result unreliable.

*Id.* at 687.

Tinsley's first claim is that his attorney rendered

ineffective assistance in that he failed to explain to him what

he was waiving in his Plea Agreement (Doc. 65, pp. 4, 15-17).

Petitioner has more specifically asserted that his attorney

"never explained what a waiver consisted of and how the waiver

would foreclose all avenues for relief" (*id.* at p. 4).  Tinsley

asserts that his waiver was unknowing and involuntary (*id.* at p.

17).

The Court notes that the Agreement into which Petitioner

entered specifically stated the following:

>        6.   The defendant has had the benefit
>        of legal counsel in negotiating this Plea
>        Agreement.  He has discussed the facts of
>        the case with his attorney, and his attorney
>        has explained to the defendant the essential
>        legal elements of the criminal charge which
>        has been brought against him.   The
>        defendant's attorney has also explained to
>        the defendant his understanding of the
>        United States' evidence and the law as it
>        relates to the facts of his offense.
>        7.   The defendant understands that the
>        United States has the burden of proving each
>        of the legal elements of the criminal charge
>        beyond a reasonable doubt.  The defendant
>        and his counsel have discussed possible
>        defenses to the charge.  The defendant
>        believes that his attorney has represented

him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney. . . .

* * *

9.   This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement.  There have been no promises from anyone as to the particular sentence that the Court will impose.  The defendant is pleading guilty because he is guilty.

10.   The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

(Doc. 38).  The Agreement is signed by Petitioner and dated July 20, 2010 (Doc. 38, p. 8).  Also on that date, in a hearing before Judge DuBose, Tinsley stated that he had no problem communicating with his attorney and that he was fully satisfied with his advice (Doc. 67, p. 4).  He also stated that he was not under the influence of medication, drug, or alcohol and that no one had tried to force him to plead guilty; furthermore, no one offered him anything that was not in the Agreement (*id.* at pp. 4-6).  Tinsley stated that he read the Agreement before signing

it and that he understood that he was waiving his right to appeal his sentence (*id.* at pp. 6-7).

Finally, the Court notes that Petitioner filed a Notice of Non-Appeal on February 4, 2011, which, in its entirety, states as follows:

> I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence.  I have consulted with my attorney, Christ N. Coumanis, who has explained the advantages and disadvantages of taking an appeal.  I have had sufficient time to consider my options and require no further explanation.  After consideration, it is my desire to inform the Court that I do not wish to take an appeal.

(Doc. 59).  The pleading is signed by Tinsley and dated June 2, 2011 (*id.*).

The Court notes that "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.), *cert. denied*, 513 U.S. 864 (1994).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).  The Court further notes that the Eleventh Circuit Court of Appeals has held that "where it is clear from the plea agreement and the Rule 11

colloquy, or from some other part of the record, that the
defendant knowingly and voluntarily entered into a sentence
appeal waiver, that waiver should be enforced." *United States
v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *see also United
States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993), *cert.
denied*, 513 U.S. 1051 (1994).  The "core concern" for the Court
in this analysis is "the defendant's knowledge and understanding
of the sentence waiver."  *Bushert*, 997 F.2d at 1351.  After
reviewing the relevant documents in this record, the Court finds
that the Plea Agreement and the colloquy between Judge DuBose
and Tinsley clearly show that Petitioner voluntarily and
knowingly entered into his Plea Agreement.

However, the Court notes that the Government's response,
with regard to this claim, is as follows:

> Tinsley's "ground one" merely argues
> that his counsel did not adequately explain
> that, when executing his plea agreement, he
> was waiving his right to lodge an appeal or
> collateral attack.  Doc. 65 at 4; *see also
> id.* at 12 ("I swear my counsel did not
> explain to me what I would be giving up if I
> waived my appellate rights and Section 2255
> rights.")  In his accompanying memorandum,
> he argues further that "the waiver section
> of the plea agreement is invalid and
> unenforceable."  *Id.* at 14.  This claim is
> easily resolved.  Based on current office
> policy the United States will not seek to
> enforce the collateral attack waiver
> contained in Tinsley's plea agreement, Doc.

> 38 at 6-7, to the extent he wishes to pursue
> claims of ineffective assistance of counsel,
> as he does in the instant motion.    Thus, to
> the extent he wishes to raise such claims,
> now, the issue is moot.  And, to the extent
> he would wish to appeal his conviction on
> some other basis – which he does not specify
> in his motion – the assertion is belied by
> the fact he executed a Notice of Non-Appeal.
> Doc. 59.  That document makes clear that he
> did not wish to appeal, after considering
> "the advantages and disadvantages of taking
> an appeal."  *Id.*  Thus, he can show no
> *Strickland* prejudice due to counsel's
> (alleged) failure to ensure that he
> preserved his appellate rights.

(Doc. 69, pp. 4-5).

The Court finds no merit in Tinsley's argument that his attorney rendered ineffective assistance in failing to explain to him what he was waiving in his Plea Agreement.  First, his plea colloquy belies the assertion.  Furthermore, the Court agrees with Respondent's argument that Tinsley has not shown any prejudice in his attorney's failure to file an appeal. Petitioner's argument otherwise is without merit.

Tinsley next claims that his attorney failed to challenge, at sentencing, the double counting regarding his bank robbery grouping (Doc. 65, pp. 7, 18-20).[2]  Petitioner goes on to

---

[2]Though Petitioner asserts this as his claim, he provides no factual support which explains his meaning in this claim.  However, as he does goes on and make an assertion regarding a sentencing disparity, the Court will address that.

specifically assert that there should not have been a disparity in the sentence that he received and the sentence that his codefendant received (*id.* at p. 19).

The Court notes that although Tinsley argues that his acts and those of his codefendant were, essentially, identical, he acknowledges that their criminal history was different (Doc. 65, pp. 19-20).  At the sentencing hearing, Judge DuBose noted Petitioner's criminal history:  "You have served two years in state prison and two and a half years in federal prison.  And considering the possession of marijuana, two conviction, [sic] breaking and entering, public drunk, malicious damaging, theft, grand theft, DWI and felon in possession" (Doc. 68, p. 13).  Court records show that Tinsley's criminal history was category V while his codefendant's criminal history was category II (Doc. 68, pp. 13; *cf.* Doc. 52, p. 11, ¶ 60).  The Court notes that statutory law dictates that "[t]he court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  That is what Judge DuBose did.  Even so, she sentenced Petitioner to the low end of the guidelines sentencing range (*see* Doc. 68, p. 13).

The Court finds no merit in Tinsley's claim that his attorney rendered ineffective assistance in not objecting to the

disparity in his sentence and that of his codefendant.  As
Petitioner had a worse prior criminal history than that of his
fellow bank robber, the Court cannot find any error in the
sentencing difference.  As such, the Court finds that Tinsley
has not demonstrated that his attorney was deficient in not
raising this claim.  Furthermore, there has been no showing of
prejudice.  Petitioner's claim otherwise is without merit.

Tinsley has also claimed that his attorney rendered
ineffective assistance in that he failed to seek, at sentencing,
a downward departure due to mitigating circumstances (Doc. 65).
More specifically, he asserts that his "counsel was ineffective
for failing to raise the issue that Petitioner's drug addiction
was a mitigating circumstance that warranted a downward
departure from Guideline range sentence" (Doc. 65, p. 20).

The Court notes that Tinsley's attorney, at sentencing,
made the following statement:

> And somewhere along the line, because
> his employment became irregular he got back
> into alcohol and drugs.  And that led to the
> spree of bank robberies that occurred during
> the first two or three weeks in March with
> Ms. Jones.  They were drug induced
> robberies.  They would go hit a bank, get
> the money, get the drugs.  When they ran out
> [sic] drugs would do another robbery.
> Not to minimize the seriousness of
> these offenses but as Your Honor already
> noted, no guns involved, no weapons, no

10

> threat of violence, no physical contact with
> the victim to try to overcome their will.
> They gave them the note, got the money, they
> went on and were doing their drugs and
> living it up in hotels for a period of two
> or three days.
>        As I said, that had been his problem,
> the drugs.  He has had that problem since he
> was seven years old.  He got brief treatment
> while in federal custody in a 40 hour
> program.  But he is in need of a more
> extensive program, a 500-hour program in
> Buckner, North Carolina that would suit him
> perfectly.

(Doc. 68, pp. 6-7).  The Court finds that although the attorney

did not specifically use the term *mitigating circumstances*, his

words were a plea for the Court to consider his drug use as a

factor in sentencing Petitioner.  As such, Tinsley's counsel

cannot be said to have been deficient.

     The Court further notes that Petitioner also got the

opportunity to speak of his drug use to the Court at the

sentencing hearing (Doc. 68, pp. 9-10).  Even if his attorney

had not spoken to the issue, Tinsley's own testimony

demonstrates that no prejudice has befallen him because the

Court was aware of his drug dependency.  Petitioner's claim that

his attorney rendered ineffective assistance in this regard is

without merit.

     Tinsley has raised three claims of ineffective assistance

of counsel in this petition.  All of the claims are without

merit.   Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Jerry Lee Tinsley.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.   28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").   The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.   28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Inasmuch as the Court has found that Tinsley has failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  It is suggested that Tinsley will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of

objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 29th day of June, 2012.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE